**HONG ZHU, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–3656–ag.

United States Court of Appeals, Second Circuit.

May 1, 2006.

Gary Yerman, New York, New York, for Petitioner.

Michael Sullivan, United States Attorney, District of Massachusetts, Michael Sady, Assistant United States Attorneys, Boston, Massachusetts, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Hong Zhu, a native and citizen of China, petitions for review of a June 28, 2004 order of the Board of Immigration Appeals ("BIA"), affirming Immigration Judge ("IJ") Opaciuch's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. United States Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In this case, the IJ reasonably found that Zhu had failed to establish past persecution based on the facts that he had been dismissed from his job and fined because he had a second child without a birth permit. The IJ also reasonably found that Zhu had failed to establish a well-founded fear of future persecution based on his assertion that he would be sterilized if returned to China, in light of his testimony that Chen had remained in China, had continued to live in the same house with their two children without experiencing any problems with family planning officials, and had never been arrested, detained or sterilized. The IJ also properly found that Zhu's claim was further undercut by the fact that he had asserted that Chen had not been sterilized due to her poor health, but had failed to present any medical evidence of her health problems. Finally, the IJ also properly relied on the State Department Profile and Country Report, which showed no evidence of forced sterilizations in Fujian, and, at most, showed that individuals would be subjected to higher fees and costs for family planning violations. Because Zhu failed to establish his eligibility for asylum, the IJ properly concluded that he had failed to satisfy the heavier burden for withholding of removal. *See Zhou Yun Zhang,* 386 F.3d at 71. Moreover, Zhu has waived any challenge to the IJ's denial of CAT relief by failing to address this issue in his brief before this Court. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir. 2005).

For the foregoing reasons, the petition is DENIED. The stay of removal that the Court previously granted in this petition is VACATED.